UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Robert Reid</u>

     v.                            Civil No. 04-cv-369-JD

<u>Phil Stanley, et al.</u>

<u>O R D E R</u>

Robert Reid, proceeding in forma pauperis and pro se, brings
equal protection and due process claims, pursuant to 42 U.S.C. §
1983, against Phil Stanley, Jane Coplan, Greg Crompton, Denise
Heath, and Kim Lacasse, arising from the alleged effect on his
opportunity for parole due to his incarceration in Connecticut.
Reid sought both injunctive relief, to return him to New
Hampshire, and monetary damages.  Because he is now back in a New
Hampshire prison, that request is moot.  The defendants move for
summary judgment, and Reid also moves for summary judgment.

<u>Background</u>

Following preliminary review of Reid's complaint, the
magistrate judge recommended that Reid stated claims of equal
protection and due process violations actionable under 42 U.S.C.
§ 1983.  With respect to his equal protection claim, the
magistrate judge found that "Reid alleges that defendants have
abridged his right to equal protection by denying him
classifications, level reductions, and vocational programs
afforded other New Hampshire inmates" which has prevented him

from meeting the conditions imposed by the parole board and from
demonstrating his readiness for parole.  Rep. & Rec. at 10 (doc.
no. 12).  The magistrate determined that the rational basis test
applied to that claim and that Reid's "allegations may well give
rise to viable claims under the Fourteenth Amendment's equal
Protection Clause against defendants Stanley, Heath, Lacasse,
Coplan and Compton."  <u>Id.</u> at 14.  With respect to Reid's due
process claim, the magistrate concluded that Reid failed to state
a due process violation arising from his transfer to the prison
in Connecticut but that he had alleged a due process claim based
upon a liberty interest in eligibility for minimum security
classification against the same defendants.  The magistrate
recommended that Reid's claims against two other defendants and
his official capacity claims be dismissed.  The court approved
the report and recommendation after considering Reid's objection.

Reid also sought a temporary injunction and a protective
order to provide him with the same classification procedures that
were used in New Hampshire and to restrict the defendants'
options in transferring him to other prisons.  The motion was
referred to the magistrate judge who held an evidentiary hearing.
Following that hearing, the magistrate issued a report and
recommendation in which he recommended that Reid's motion be
denied.  The magistrate's report and recommendation was approved
by the court after considering Reid's objection.

Reid filed an amended complaint on July 19, 2005.  Despite

2

the previous dismissal of his official capacity claims and claims against Thomas Winn and John Eckert, Reid realleged those claims in his amended complaint.  In his amended complaint, Reid alleged that he "is being held under conditions which are violative of his fourteenth Amendment of the UNITED STATES CONSTITUTIONS Equal Protection Clause and the Due Process Clause therein."  The defendants' filed their answer to the amended complaint on July 28, 2005.

Reid's amended complaint was not reviewed by the magistrate judge.  The court has reviewed the amended complaint, and only those claims against the defendants that were allowed based on the magistrate judge's report and recommendation on Reid's initial complaint, which was approved by the court, are allowed here.  All other claims against those defendants and all claims against Eckert and Winn are dismissed.

The defendants filed a motion for summary judgment on March 17, 2006, stating that Reid alleges only "that the Defendants violated his right to Due Process under the Fourteenth Amendment to the U.S. Constitution by housing him in an out-of-state facility where he was unable to be considered for parole."  Mot. for S.J. at 1.  Reid filed an opposition to the defendants' motion for summary judgment but did not serve the defendants.  He also filed his own motion for summary judgment but did not serve that motion on the defendants.  He states in a letter to the clerk of court that he was unable to serve the defendants with

either filing because he could not obtain copies due to a lack of
funds in his prison account.  He asks the court to forward copies
to the Assistant Attorney General representing the defendants in
this case.  Copies were not forwarded to the Assistant Attorney
General.  Because Reid's filings were electronically docketed and
filed when they were received by the clerk's office, those
filings are electronically available to the Assistant Attorney
General.

Motions for Summary Judgment

Summary judgment is appropriate when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).  The party seeking summary judgment must first demonstrate
the absence of a genuine issue of material fact in the record.
See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party
opposing a properly supported motion for summary judgment must
present competent evidence of record that shows a genuine issue
for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
256 (1986).  All reasonable inferences and all credibility issues
are resolved in favor of the nonmoving party.  See id. at 255.

4

"Under Federal Rule of Civil Procedure 56(e), on summary
judgment, the parties in their supporting affidavits 'shall set
forth such facts as would be admissible in evidence, and shall
show affirmatively that the affiant is competent to testify to
the matters stated therein.  Sworn or certified copies of all
papers or parts thereof referred to in an affidavit shall be
attached thereto or served therewith.'"  Hoffman v. Applicators
Sales & Serv., Inc., 439 F.3d 9, 14 (1st Cir. 2006).  An
affidavit must be based upon personal knowledge of the facts to
be considered for purposes of summary judgment.  An affidavit
based on "knowledge and belief" does not meet the Rule 56(e)
standard.  See, e.g., Perez v. Volvo Car Corp., 247 F.3d 303,
315–16 (1st Cir. 2001); Lopez–Carrasquillo v. Rubianes, 230 F.3d
409, 414 (1st Cir. 2000); Lopez v. Corporacion Azucarera, 938
F.2d 1510, 1515–16 & n.11 (1st Cir. 1991); Mas Marques v. Digital
Equip. Corp., 637 F.2d 24, 29 (1st Cir. 1980); City of Waukegan
v. Martinovich, 2005 WL 3465567, at *3 n.2 (N.D. Ill. Dec. 16,
2005).  Further, "the requisite personal knowledge must concern
facts as opposed to conclusions, assumptions, or surmise."
Perez, 247 F.3d at 316.

Although the defendants filed a plethora of exhibits, they
failed to properly authenticate those documents or cite to them
to support the factual bases of their motion.  The affidavit of

5

Kimberly Lacasse, which is cited in the defendants' statement of
facts, is based upon her "knowledge and belief," which is
insufficient to satisfy the personal knowledge requirement of
Rule 56(e), and also does not cite to the exhibits included with
the defendants' motion.[1]  In addition, as noted above, the
defendants mistakenly interpret Reid's complaint to raise only a
due process claim, making no mention of his equal protection
claim; assert qualified immunity in a cursory manner that is
insufficient to allow appropriate consideration by this court;
and fail to mention a recent Supreme Court case that is arguably
pertinent to Reid's claims, see Wilkinson v. Austin, 125 S. Ct.
2384 (2005).

The defendants have not responded to Reid's opposition to
their motion for summary judgment or filed an objection to Reid's
motion for summary judgment.  Reid acknowledges that he did not
serve the defendants' counsel with either of his filings, as he
is required to do.  Fed. R. Civ. P. 5.  Although Reid's filings

---

[1]For example, the affidavit provides no basis for Lacasse's
personal knowledge of Connecticut's classification system or the
reasons or bases for Reid's classification there.  Further,
Lacasse acknowledges that her first involvement with Reid
occurred in 2003 but she nevertheless states facts about Reid's
conduct and classification status that occurred before that date.
To the extent Lacasse's affidavit is merely repeating information
from documents she has reviewed for purposes of providing her
affidavit, that information is hearsay.  She must, at a minimum,
cite to and provide copies of the pertinent documents.

were docketed and electronically filed by the clerk's office, it is not clear whether the defendants' counsel is aware of Reid's filings.

Reid's filings are also deficient.  Reid's objection is supported by an affidavit that is sworn to the "best of his knowledge and belief," and no affidavit was filed in support of his motion for summary judgment.  As is explained above, an affidavit based upon "knowledge and belief" does not satisfy the personal knowledge requirement of Federal Rule of Civil Procedure 56(e).[2]  Reid also relies on citations to his complaint, which is not competent to support or oppose summary judgment.[3]  Id.

### Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 34) is denied without prejudice to file an appropriately developed and supported motion **on or before May 15, 2006.**  The plaintiff's motion for summary judgment

---

[2]Reid's affidavit does not provide citations to documents in the record to support his statements.

[3]Although the complaint includes a statement that the facts alleged are true, that statement is limited to "the best of my belief and personal knowledge."  To the extent Reid's factual allegations are based on his belief, rather than his personal knowledge, those allegations are not competent to support a motion for or opposition to summary judgment.

(document no. 35) is also denied without prejudice to file an
appropriately developed and supported motion **on or before May 15,
2006.**  Summary judgment is a useful procedure to narrow the
issues, and if appropriate, the claims that are being made.  It
is the court's intention that all parties have an opportunity to
file summary judgment motions and objections that comply with
Rule 56.

     Reid is reminded that he is obligated to serve the
defendants with copies of his filings, although he may, if
necessary, request the assistance of the court in a separate
motion.

     Reid's request for injunctive relief to return him to New
Hampshire is denied as moot.

     Only those claims against the defendants that were allowed
based on the magistrate judge's report and recommendation on
Reid's initial complaint, which was approved by the court, are

allowed here.  All other claims against those defendants and all claims against Eckert and Winn are dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 27, 2006

cc:  Robert A. Reid, pro se
     Andrew B. Livernois, Esquire
     Mary E. Maloney, Esquire